UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAMARA HALEY
    Plaintiff,
vs.                              CASE NO.: 6:21-cv-1318

GOODWILL INDUSTRIES OF
CENTRAL FLORIDA, INC.
    Defendant.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TAMARA HALEY, by and through her undersigned counsel, sues Defendant, GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC., (hereinafter "Defendant"), and alleges as follows:

1. This is an action brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. Sections 2601 to 2654, to obtain relief for denial and violation of medical leave rights guaranteed by the FMLA.

2. This is an action for damages that exceed the minimum Jurisdiction of this Court.

3. The unlawful employment practices alleged were committed within Brevard County, Florida.

4. Plaintiff is and has been a resident of Brevard County, Florida, at all times material herein.

5. Plaintiff was hired by Defendant, GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC. on or about October 29, 2017, and worked at least 1250 hours over the twelve (12) months prior to her termination and was an "employee" as defined by FMLA Statute, 29 U. S. C. §2611(4).

6. Defendant employed in excess of fifty (50) employees within seventy-five (75) miles of Plaintiff's worksite for each working day during each of twenty (20) or more calendar work weeks in the year culminating in Plaintiff's termination and is an "employer" as defined by FMLA Statute, 29 U.S.C. §2611(4).

7. On or about May 2021, Plaintiff presented with COVID-19 symptoms which required her to take FMLA leave and quarantine.

8. Plaintiff was granted medical leave as per the Family & Medical leave Act, 29 U.S.C. §§2601-2654.

9. Other employees in the Merritt Island store tested positive for COVID-19.

10. GOODWILL believed that Plaintiff was the cause of the "outbreak" and terminated her employment while she was still on medical leave.

11. Defendant blatantly disregarded 29 U.S.C. §2615 in direct violation of Congress' Family and Medical Leave Act of 1993 and

terminated Plaintiff while she was suffering from complications of COVID-19.

12. The Defendant's actions against the Plaintiff in violation of the FMLA were done wantonly, maliciously, willfully and with the intent to do harm to Plaintiff.

13. Plaintiff has retained the undersigned law firm and agreed to pay a reasonable fee.

14. Plaintiff has suffered and continues to suffer grave and severe damage to her financial welfare by reason of Defendant's unlawful actions against the Plaintiff.

## COUNT I
## INTERFERENCE WITH RIGHTS IN VIOLATION OF FMLA

15. Plaintiff incorporates and re-alleges paragraphs 1 through 14 of this complaint as fully as if set forth herein.

16. GOODWILL'S disregarded 29 U.S.C. §2615(a)(1) in direct violation of Congress' Family and Medical Leave Act of 1993 by terminating Plaintiff on June 7, 2021 while Plaintiff was on leave and quarantined with COVID-19 symptoms.

17. As a result of Plaintiff seeking FMLA leave, Defendant caused an adverse employment action upon Plaintiff.

18. At all times during her employment with Defendant, Plaintiff performed all duties assigned to her in a professionally competent manner.

19. In order to interfere with Plaintiff's rights under the FMLA, employer made the decision to terminate her employment while she was on leave.

20. A motivating factor in Plaintiff being terminated was Plaintiff's exercise of her FMLA rights during the COVID-19 global pandemic.

21. The Defendant's actions against the Plaintiff in violation of the FMLA were done wantonly, maliciously, willfully and with the intent to do harm to Plaintiff.

22. Plaintiff has retained the undersigned law firm and agreed to pay a reasonable fee.

23. Plaintiff has suffered and continues to suffer grave and severe damage to her financial and mental welfare by reason of Defendant's unlawful actions against the Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

    a. Judgment for all wages, salary, employment benefits and other compensation denied or lost Plaintiff by reason of Defendant's violation of the FMLA;

    b. Interest;

    c. An additional amount as liquidated damages;

    d. An award of reasonable attorney's fees and all costs incurred herein;

    e. Such other damages as may be just and proper.

## COUNT II
## DISCRIMINATORY RETALIATION IN VIOLATION OF FMLA

24. Plaintiff incorporates and re-alleges paragraphs 1 through 14 of this complaint as fully as if set forth herein.

25. Plaintiff has exhausted her administrative remedies prior to bringing this action.

26. Plaintiff has complied with all conditions precedent prior to bringing this action.

27. At all times during her employment with Defendant, Plaintiff performed all duties assigned to her in a professionally competent manner.

28. The Defendant's actions against the Plaintiff were in violation of the FMLA and were done wantonly, maliciously, willfully and with the intent to do harm to Plaintiff.

29. As a result of Plaintiff taking FMLA leave, Defendant caused an adverse employment action upon Plaintiff, including terminating Plaintiff.

30. The motivating reason for the adverse employment actions stated herein was Plaintiff's use of her FMLA rights.

31. Plaintiff has retained the undersigned law firm and agreed to pay a reasonable fee.

32. Plaintiff has suffered and continues to suffer grave and severe damage to her financial welfare by reason of Defendant's unlawful actions against the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

a. Judgment for all wages, salary, employment benefits and other compensation denied or lost Plaintiff by reason of Defendant's violation of the FMLA;

b. Interest;

    c. An additional amount as liquidated damages;

    d. An award of reasonable attorney's fees and all costs incurred herein;

    e. Such other damages as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 13th day of August 2021.

          ARCADIER, BIGGIE & WOOD, PLLC

          */s/ Joseph C. Wood, Esquire*
          Maurice Arcadier, Esquire
          Florida Bar No. 0131180
          Joseph C. Wood, Esquire
          Florida Bar No.: 0093839
          2815 W. New Haven, Suite 304
          Melbourne, Florida 32904
          Primary Email: office@wamalaw.com
          Secondary Email: arcadier@wamalaw.com
          Phone: (321) 953-5998
          Fax: (321) 953-6075